# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIO C. LOPEZ-PENA, : | |
|     Petitioner : | |
| : | No. 1:20-cv-183 |
| v. : | |
| : | (Judge Kane) |
| WILLIAM BARR, et al., : | |
|     Respondents : | |

## MEMORANDUM

On February 5, 2020, pro se Petitioner Julio C. Lopez-Pena ("Petitioner"), who is presently incarcerated at the Federal Correctional Institution Allenwood in White Deer, Pennsylvania ("FCI Allenwood"), initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Petitioner paid the requisite filing fee on March 3, 2020. For the reasons set forth below, the Court will dismiss Petitioner's § 2241 petition without prejudice for lack of jurisdiction.

## I. BACKGROUND

On December 5, 2007, following a jury trial in the United States District Court for the Southern District of New York, Petitioner was convicted of conspiracy to distribute five (5) kilograms or more of cocaine intending and knowing that it would be imported into the United States, in violation of 21 U.S.C. §§ 959, 960(a)(3), and 960(b)(1)(B)(ii). See United States v. Lopez-Pena, Nos. S1 05 Cr. 191 (DC), 10 Civ. 7381 (DC), 2011 WL 1676286, at *1 (S.D.N.Y. May 2, 2011). Petitioner's involvement in that case stemmed from his position as a lieutenant "in the Norte Valle cartel, a massive illegal narcotics organization operating out of Colombia in the 1990s and continuing at least until 2005." See id. On June 3, 2008, Petitioner was sentenced to serve forty-five (45) years' imprisonment. See id. The United States Court of Appeals for the Second Circuit subsequently affirmed his conviction and sentence. See United States v.

Sanpedro, 352 F. App'x 482, 487 (2d Cir. 2009). Petitioner thereafter unsuccessfully sought post-conviction relief by filing a motion to vacate pursuant to 28 U.S.C. § 2255. See Lopez-Pena, 2011 WL 1676286, at *1.

In his § 2241 petition, Petitioner asserts that his conviction and sentence are illegal for various reasons. (Doc. No. 1.) For example, Petitioner contends that his indictment was "not presented before a grand jury [and] did not have any true-bill documentation." (Id. at 9.) Petitioner maintains further that: (1) Respondents did not have authority to detain him; (2) Respondents did not have authority to "enforce [his statute of conviction] over the territory of [his] residential [s]tate"; (3) he "was not tried under any semblance of due process"; (4) his conviction was "based upon unofficial dicta"; (5) Respondents are "financially incentivized to incarcerate him irrespective of legality"; and (6) the presumption of his "actual innocence was never overcome." (Id. at 11.) As relief, Petitioner seeks immediate release from custody. (Id. at 12.)[1]

## II. DISCUSSION

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides, in pertinent part,

---

[1] Petitioner's § 2241 petition is 123 pages long and consists of various documents, including what appears to be a copy of a complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), that Petitioner recently filed in the Southern District of New York. On January 31, 2020, the Southern District of New York dismissed Petitioner's Bivens complaint, noting, inter alia, that it was an attempt by Petitioner to challenge his conviction and sentence. See Lopez Pena v. Cole, No. 19-cv-10276 (CM), 2020 WL 528188, at *4-5 (S.D.N.Y. Jan. 31, 2020). Although Petitioner's § 2241 petition consists of various documents, it is clear that Petitioner is challenging the legality of his conviction and sentence.

2

that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See Rule 4, 28 U.S.C. foll. § 2254.

It is well settled that to challenge the validity of a sentence, a federal prisoner must file a motion to vacate pursuant to 28 U.S.C. § 2255 in the sentencing court, which is "already familiar with the facts of the case." See Boumediene v. Bush, 553 U.S. 723, 774-75 (2008); see also Russell v. Martinez, 325 F. App'x 45, 47 (3d Cir. 2009) (noting that "a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). Conversely, a federal prisoner may challenge the execution of his sentence, such as the denial or revocation of parole or the loss of good-time credits, by filing a petition pursuant to 28 U.S.C. § 2241 in the district court for the federal judicial district where he is in custody. See 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 443-44 (2004); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). However, if a petitioner shows "that a § 2255 motion 'is inadequate or ineffective to test the legality of his detention,' . . . [he may] resort to § 2241 to challenge the validity of the conviction or sentence." See Brown v. Mendez, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001); see also 28 U.S.C. § 2255(e); Litterio v. Parker, 369 F.2d 395, 395 (3d Cir. 1966) ("It is firmly established that the remedy available to a federal prisoner under 2255 is exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of [the prisoner's] detention.'").

A motion under § 2255 is not "inadequate or ineffective" if the sentencing court has previously denied relief. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Nor is a § 2255 motion "inadequate or ineffective" merely because the inmate "is unable to meet the requirements of [28 U.S.C.] § 2244 and § 2255(h), which require a federal prisoner to obtain

3

preauthorization from the appropriate United States Court of Appeals before filing a second or subsequent § 2255 motion in the sentencing court." See Miller v. United States, No. 3:19-cv-2159, 2020 WL 820334, at *2 (M.D. Pa. Jan. 9, 2020), report and recommendation adopted, 2020 WL 815777 (M.D. Pa. Feb. 18, 2020). Moreover, "§ 2255 is not inadequate or ineffective merely because the petitioner cannot satisfy § 2255's timeliness or other gatekeeping requirements." See Long v. Fairton, 611 F. App'x 53, 55 (3d Cir. 2015) (citing Dorsainvil, 119 F.3d at 251). The Third Circuit:

> permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and [Third Circuit] precedent construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."

Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (quoting Dorsainvil, 119 F.3d at 251). If a petitioner improperly challenges a federal conviction or sentence under § 2241, the § 2241 petition must be dismissed for lack of jurisdiction. See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).

In the instant case, Petitioner challenges his conviction and sentence, presenting several arguments for why they are invalid. (Doc. No. 1.) Petitioner, however, has not met his burden of demonstrating that a motion under § 2255 is inadequate or ineffective to challenge the legality of his detention. Moreover, Petitioner's claim is not premised on any intervening change in substantive law that would negate the criminal nature of his conduct so that his conviction is no longer valid. Although Petitioner previously filed an unsuccessful § 2255 motion, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief."

See Cradle, 290 F.3d at 539; see also id. at 539 (noting that it "is the inefficacy of the remedy [under § 2255], not the personal inability to use it, that is determinative"); Dusenberry v. Oddo, No. 17-cv-2402, 2018 WL 372164, at *4 (M.D. Pa. Jan. 11, 2018) (noting that "[t]he remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255"). Therefore, Petitioner may not rely upon § 2241 to raise his claims, and the Court will dismiss his § 2241 petition for lack of jurisdiction.

### III. CONCLUSION

Based on the foregoing, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) will be dismissed for lack of jurisdiction without prejudice to Petitioner's right to file a § 2255 motion in the sentencing court, subject to the pre-authorization requirements set forth in 28 U.S.C. §§ 2244 and 2255(h), as they may apply. Because Petitioner is not detained because of a process issued by a state court and the petition is not brought pursuant to § 2255, no action by this Court with respect to a certificate of appealability is necessary. An appropriate Order follows.